CASE # 10-24377

EMAILS

FROM DR. JONES
TO AND FROM
KIM PARKER ESQ

BALTIMORE DISTRICT
CT. TRIAL

LADONNA JONES
V.
PAR EXCELLENCE

Dear Ms. Parker,

I apoligize, for not being able to speak with you recentley on the phone. As you know I have been finacially disabled by the plaintiffs cases against me. I have no minutes left on my phone. Please send me a copy of your opposition to the plaintiffs motions as previously requested. Thanking you in advance, I believe it is in my interest to oppose the plaintiffs motion and declarations.

LaDonna Jones
----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Tuesday, October 12, 2010 9:34:20 AM
Subject: RE: opposition to motion and declarations

Good Morning Ms. Jones,

I left you a lengthy voicemail message which I hope in some way clarifies the matters you raised and the reasons I am insistent we verbally communicate. If my e-mail message suggested we did not communicate at all, I apologize. I meant that we have not **talked**. I find this mode of communication to be ineffective as it does not allow for a mutual exchange in real time.

I am requesting a verbal conversation before the end of business today. Unfortunately, the electrical power was out in my office area yesterday and I only just reviewing your e-mail. If you are not inclined to communicate telephonically or have an in person appointment with me, then I will be left with no choice but to seek my removal as your counsel. I cannot adequately represent you if I am unable to effectively communicate with you. I believe this continued back and forth e-mailing has led to more problems than it has resolved.

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Saturday, October 09, 2010 3:51 PM
**To:** Kim Parker
**Cc:** Mark Stiller; vivian aa60
**Subject:** opposition to motion and declarations

Dear Ms. Parker,

I have never authorized you or anyone else to engage in a so called deal that allows the plaintiffs in these false claims to sue State Farm Insurance Co.

1) I asked you the question just four days ago if the plaintiff's attornies wanted to sue State farm, why did they not do that?

I asked you that question via email just a few days ago. I asked you that question, it was not answered by you!

2) I am not an attorney, I believe if the attronies in this case could sue my Insurance company without my permission they would. I will never give in to these false claims.

3) I never agreed to, or asked you to change my bankructy case to a chapter 13 from a chapter 7, however the consent agreement would do just that!

4) The declarations you sent me to sign includes State Farm Insurance Company, I do not owe them any money, they are not a party to any of the plaintiffs cases involving me or my company. The declaration is dated Oct 4, 2010 and states:

I Hereby Certify under the penalties of perjury that the foregoing Amended Schedule F was signed October 4th,

2010, with orginal signatures in my files. Furthermore, I declare under penalties of perjury that I have read the foregoing

amended schedules, and they are true and correct to the best of my knowlege, information and belief.

5) I recieved these amended declaration yesterday the 8th, via email, I will not sign the consent nor the declarations.

6) Finally I would like to address your continued allegations that I am not talking to you, for the record: I spoke with you (4) times oct 8th (3) times Oct 7th, (2) times, Oct 1, and twice sept 30, 2010.

7) I believe our conversations should be in writing so there is no doubt about who said what, and you can stop saying that I am not talking to you.

8) Please seen me a copy of the motion you filed for opposition.

----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Friday, October 8, 2010 4:57:54 PM
Subject: RE: claim No. 20-n024-416 question about fees

Ms. Jones,

You filed a response to the motion for relief from stay and must defend that position.  Accordingly, you must be present to testify as to the basis for your opposition.

Will you sign the Declaration or not.  If not, why not?  Perhaps if you call me or accept my calls to you, I can try to respond to your concerns.

I need a response to my request!!!!!!!!!!!!!!!!!!!!!!!!!!!!!

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Friday, October 08, 2010 1:38 PM
**To:** Kim Parker
**Subject:** Re: claim No. 20-n024-416 question about fees

I have given you all the information I know about in reference to the motion, why do I have to be there?

Ladonna
----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Friday, October 8, 2010 1:10:05 PM
Subject: RE: claim No. 20-n024-416 question about fees

**From:** Kim Parker [mailto:kp@kimparkerlaw.com]
**Sent:** Friday, October 08, 2010 1:10 PM
**To:** ldj10@comcast.net
**Subject:** RE: claim No. 20-n024-416 question about fees

Ms. Jones:

I am sorry to hear about your family emergency. It was my understanding you were out of town. It was none of my business why and never asked. My reference to a lack of communication was the most recent four (4) days.

If you recall I sent you an e-mail then called you on Monday. When we initially spoke, I asked if you available to speak with me about the motion and your request that I file a response to the motion. Initially you stated you were, then once I started to speak, you stated you needed to call me back.

Since that day, I have reached out to you via e-mail and telephone and unfortunately was unable to communicate with you regarding the motion. Notwithstanding, I went ahead and filed the response. As previously advised the matter was continued to next week due to the late filing of the response (obviously I wanted to speak with your first) at which time your appearance is mandatory.

In the interim, I need you to sign the declaration regarding amended schedules. State Farm needs to be included in the bankruptcy as a possible creditor. I need that done ASAP.

I am not sure where our communication seem to have broken down but I continue to strive to advocate for you zealously and to act in a manner consistent with my responsibility to you.

Please advise if you intend to sign the document. If so, I need it done ASAP so it can be promptly filed with the Court.

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Friday, October 08, 2010 12:02 PM
**To:** Kim Parker
**Subject:** Re: claim No. 20-n024-416 question about fees

Dear Ms. Parker,

I have no idea what you are talking about! every question you have asked me has been

answered to the best of my ability. There is a clear record of emails from me to you answering questions that were asked by you and ANSWERED by ME! the motion you sent me has me filing a chapter 13 I did not agree to do that! further more these are allegations I have not been found guilty of anything. The criminal charges against these so called plaintiffs can be reinstated at anytime. I do not appreciate you stating that I have not been communicating with you. Read the emails I sent you. So that we are on the record. As I stated I had a family emergency and I am out of town. As I stated before I cannot afford to take any liability in these cases. I have to fight these false claims.

LaDonna D. Jones see below message again!!
----- Original Message -----
From: ldj10@comcast.net
To: "Kim Parker" <kp@kimparkerlaw.com>
Sent: Wednesday, September 29, 2010 10:14:24 AM
Subject: Fwd: claim No. 20-n024-416 question about fees

LaDonna Jones
----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Tuesday, October 12, 2010 9:34:20 AM
Subject: RE: opposition to motion and declarations

Good Morning Ms. Jones,

I left you a lengthy voicemail message which I hope in some way clarifies the matters you raised and the reasons I am insistent we verbally communicate. If my e-mail message suggested we did not communicate at all, I apologize. I meant that we have not **talked**. I find this mode of communication to be ineffective as it does not allow for a mutual exchange in real time.

I am requesting a verbal conversation before the end of business today. Unfortunately, the electrical power was out in my office area yesterday and I only just reviewing your e-mail. If you are not inclined to communicate telephonically or have an in person appointment with me, then I will be left with no choice but to seek my removal as your counsel. I cannot adequately represent you if I am unable to effectively communicate with you. I believe this continued back and forth e-mailing has led to more problems than it has resolved.

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Saturday, October 09, 2010 3:51 PM
**To:** Kim Parker
**Cc:** Mark Stiller; vivian aa60
**Subject:** opposition to motion and declarations

Dear Ms. Parker,

I have never authorized you or anyone else to engage in a so called deal that allows the plaintiff's in these false claims to sue State Farm Insurance Co.

1) I asked you the question just four days ago if the plaintiffs attornies wanted to sue State farm, why did they not do that?

I asked you that question via email just a few days ago. I asked you that question, it was not answered by you!

2) I am not an attorney, I believe if the attronies in this case could sue my Insurance company without my permission they would. I will never give in to these false claims.

3) I never agreed to, or asked you to change my bankructy case to a chapter 13 from a chapter 7, however the consent agreement would do just that!

Dear Ms. Parker,

I have no idea what you are talking about! every question you have asked me has been answered to the best of my ability. There is a clear record of emails from me to you answering questions that were asked by you and ANSWERED by ME! the motion you sent me has me filing a chapter 13 I did not agree to do that! further more these are allegations I have not been found guilty of anything. The criminal charges against these so called plaintiffs can be reinstated at anytime. I do not appreciate you stating that I have not been communicating with you. Read the emails I sent you. So that we are on the record. As I stated I had a family emergency and I am out of town. As I stated before I cannot afford to take any liability in these cases. I have to fight these false claims.

LaDonna D. Jones see below message again!!
----- Original Message -----
From: ldj10@comcast.net
To: "Kim Parker" <kp@kimparkerlaw.com>
Sent: Wednesday, September 29, 2010 10:14:24 AM
Subject: Fwd: claim No. 20-n024-416 question about fees

I hope this answers your question about representation

LaDonna
----- Forwarded Message -----
From: "Vivian Mullen" <vivian.mullen.aa60@statefarm.com>
To: ldj10@comcast.net
Sent: Monday, August 16, 2010 7:28:45 PM
Subject: Re: claim No. 20-n024-416

I advised him to call you asap. Feel free to call him @ 410-783-6361. He still needs to speak with your attorney as well

---

**From:** LaDonna Jones <ldj10@comcast.net>
**To:** Vivian Mullen
**Sent:** Mon Aug 16 14:48:34 2010
**Subject:** Re: claim No. 20-n024-416

Mark has not contacted me. What should I do?

> ----- Original Message -----
> **From:** Vivian Mullen
> **To:** ldj10@comcast.net
> **Sent:** Thursday, August 12, 2010 9:10 AM
> **Subject:** RE: claim No. 20-n024-416
>
> Dear Ms. Jones.
>
> I understand you had to obtain your own counsel while State Farm was considering your case. Once we determined we would provide a defense for you, I asked that your attorney forward the work he had done on your case and we would pay him for that work **up until** the time we hired attorney Stiller to represent you. Attorney Stiller is representing you, not State Farm as State Farm is not a party to the suit. Mark Stiller became involved at the beginning of July and we will pay Mr. Gardner's bill until that time. State Farm does have a limit on the hourly rate it will pay so please have Mr. Gardner forward his bill for his

Accordingly, you must be present to testify as to the basis for your opposition.

Will you sign the Declaration or not. If not, why not? Perhaps if you call me or accept my calls to you, I can try to respond to your concerns.

I need a response to my request!!!!!!!!!!!!!!!!!!!!!!!!!!!!

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Friday, October 08, 2010 1:38 PM
**To:** Kim Parker
**Subject:** Re: claim No. 20-n024-416 question about fees

I have given you all the information I know about in reference to the motion, why do I have to be there?

Ladonna
----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Friday, October 8, 2010 1:10:05 PM
Subject: RE: claim No. 20-n024-416 question about fees

Ms. Jones:

I am sorry to hear about your family emergency. It was my understanding you were out of town. It was none of my business why and never asked. My reference to a lack of communication was the most recent four (4) days.

If you recall I sent you an e-mail then called you on Monday. When we initially spoke, I asked if you available to speak with me about the motion and your request that I file a response to the motion. Initially you stated you were, then once I started to speak, you stated you needed to call me back.

Since that day, I have reached out to you via e-mail and telephone and unfortunately was unable to communicate with you regarding the motion. Notwithstanding, I went ahead and filed the response. As previously advised the matter was continued to next week due to the late filing of the response (obviously I wanted to speak with your first) at which time your appearance is mandatory.

In the interim, I need you to sign the declaration regarding amended schedules. State Farm needs to be included in the bankruptcy as a possible creditor. I need that done ASAP.

I am not sure where our communication seem to have broken down but I continue to strive to advocate for you zealously and to act in a manner consistent with my responsibility to you.

Please advise if you intend to sign the document. If so, I need it done ASAP so it can be promptly filed with the Court.

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Friday, October 08, 2010 12:02 PM
**To:** Kim Parker
**Subject:** Re: claim No. 20-n024-416 question about fees



**New Trick in {REGION}**

If you drive 25 mi/day or less you better read this...

[ November 2011 ]

Insurance.Comparisons.org

I cannot continue to represent you under these circumstances as it appears the more I try to explain, the more you appear to take my assertions as being against you. I will be sending you a letter formally advising of my intent to seek release from the Court as your attorney in this case. Unfortunately, given the lateness of my request to be released as your attorney, I will still need to appear at the hearing on your behalf on Friday, unless you have another attorney to enter his/her appearance prior to that time.

I wish you well in your endeavors and regret that our association has come to such a negative conclusion.

Kim Parker

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Wednesday, October 13, 2010 7:56 AM
**To:** Kim Parker
**Cc:** Mark Stiller; vivian aa60
**Subject:** Re: opposition to motion and declarations

Dear Ms. Parker,

You have ignored every directive (email) and verble conversation I have given you in reference to my OPPOSITION TO THE PLAINTIFFS MOTION and DECLARATIONS.

I have told you for over a month that I had no intentions of agreeing to sign a consent order for the plaintiffs attorney's allowing them to sue me, my company Par Excellence, and State Farm insurance company.

You advised me yesterday that you took the liberty to to change my declarations even though you were told by me under no circumstances were you to do so.

I sought protection filing chapter 7 bankruptcy because the plaintiffs et al caused me to file.

You are not protecting me from anything, you are in my opinion placing me intentionally in harms way. I need you to undo the things that you have done against my authorization.

Just because I am blind Ms. Parker I am not stupid! What part of I do not wish to include State Farm Insurance Co., in a change of declarations to include them? Fix this Ms. Parker.

When you were told to oppose the motion again, again you stated that our agreement did not cover that. You said you were going to charge me 245.00 an hour to oppose the motion, then you told me you did not know what to oppose the motion for! You told me I owe you for filing, a 26.00 fee like you were doing me a favor.

The opposition appears to have a great advocate in you, I have told everyone that would listen that I oppose everything that you have done to make it appear that I have been consenting to the actions taken by you to protect me?

I am not a lawyer that's why I hired you! What's in my best interest is determined by me! Why would the opposition ask me to consent to them sueing me if they could do it without my consent?

Please fix what you have done to me Ms. Parker.

LaDonna Jones

----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Tuesday, October 12, 2010 5:20:52 PM
Subject: RE: opposition to motion and declarations

Did you receive my e-mail concerning the need to sign the declaration adding State Farm as a creditor. I need the document if I am to ensure they are appropriately added to your bankruptcy schedule. I sent you an updated version along with a copy of the response. Please advise.

**From:** ldj10@comcast.net [mailto:ldj10@comcast.net]
**Sent:** Tuesday, October 12, 2010 1:43 PM
**To:** Kim Parker
**Subject:** Re: opposition to motion and declarations

Dear Ms. Parker,

I apoligize, for not being able to speak with you recentley on the phone. As

these false claims.

3) I never agreed to, or asked you to change my bankructy case to a chapter 13 from a chapter 7, however the consent agreement would do just that!

4) The declarations you sent me to sign includes State Farm Insurance Company, I do not owe them any money, they are not a party to any of the plaintiffs cases involving me or my company. The declaration is dated Oct 4, 2010 and states:

I Hereby Certify under the penalties of perjury that the foregoing Amended Schedule F was signed October 4th,

2010, with orginal signatures in my files. Furthermore, I declare under penalties of perjury that I have read the foregoing

amended schedules, and they are true and correct to the best of my knowlege, information and belief.

5) I recieved these amended declaration yesterday the 8th, via email, I will not sign the consent nor the declarations.

6) Finally I would like to address your continued allegations that I am not talking to you, for the record: I spoke with you (4) times oct 8th (3) times Oct 7th, (2) times, Oct 1, and twice sept 30, 2010.

7) I believe our conversations should be in writing so there is no doubt about who said what, and you can stop saying that I am not talking to you.

8) Please seen me a copy of the motion you filed for opposition.

----- Original Message -----
From: "Kim Parker" <kp@kimparkerlaw.com>
To: ldj10@comcast.net
Sent: Friday, October 8, 2010 4:57:54 PM
Subject: RE: claim No. 20-n024-416 question about fees

Ms. Jones,

You filed a response to the motion for relief from stay and must defend that position.