

```
_____
ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE
```

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| LaDonna Jones | * | Case No. 10-24377-RAG |
| | | Chapter 7 |
| | * | |
| Debtor | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER DENYING MOTION FOR DISQUALIFICATION**

Before the Court is Debtor's Disqualification (sic) of Judge Robert A. Gordon, U.S. Bankruptcy Judge (Motion to Disqualify) filed on March 13, 2012 (Dkt. No. 83).  Debtor asserts that the oversigned should disqualify himself from this case in accordance with 28 U.S.C. § 455(a) and (b)(1). In relevant part, those subsections provide that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," or "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts." 28 U.S.C. § 455(a) and (b)(1).  The Debtor claims disqualification is appropriate because: 1) the case was converted to a case under Chapter 13 without Debtor's knowledge or consent and 2) the Court treated Par Excellence Emporium, Inc. (Par Excellence), the Debtor's business entity, as a debtor in bankruptcy when it had not actually filed bankruptcy.  The record establishes that neither of these contentions is true.

1

Debtor's case began and ended as a Chapter 7 bankruptcy and was never converted to Chapter 13. As explained in the Order Reopening Case and Setting forth Preliminary Rulings as to the Debtor's Motion for Contempt (Order Reopening) (Dkt. No. 75) certain papers – a Motion for Relief from Stay (Dkt. No. 31) and the Order Granting Relief from Automatic Stay (Dkt. No. 45) – incorrectly included a reference to Chapter 13 in the caption. However, those references were mere clerical errors that neither resulted in conversion nor materially altered the administration of the Debtor's case.

As for the claim that the Court treated Par Excellence as a debtor in bankruptcy, the opposite is true. It was the Debtor, Ms. Jones, who listed Par Excellence as a 'Debtor' in the caption of her Motion for Contempt of Court Against Marc Kivitz, Esq., Kim Parker, Esq., David Ellin, Esq., John Denick, Esq. and Rebecca Daley, Esq. The Order Reopening specifically ruled that Par Excellence should be stricken as a party because it was not a Debtor and had no standing to proceed as a movant in that context in this Court. To the Court's knowledge, at no point has Par Excellence been a debtor in bankruptcy and it has certainly not been treated as such in this case.

Wherefore, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion to Disqualify is denied.

cc:   LaDonna Jones
      10 Aventura Court
      Randallstown, Maryland  21133

      Zvi Guttman, Trustee
      c/o The Law Office of Zvi Guttman
      P.O. Box 32308
      Baltimore, Maryland  21282-2308

**End of Order**