IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LADONNA JONES                    *
                                 *
V.                               *    Civil Action No. WMN-12-3559
                                 *
MARK KIVITZ et al.               *
                                 *
* * * * * * * * * * * * * * * *

                                 *
In re: LADONNA JONES             *    Bankr. No. 10-24377
                                 *    Chapter 7
                                 *
* * * * * * * * * * * * * * * *

**MEMORANDUM**

There appears to have been some procedural confusion in the course of this appeal from the Bankruptcy Court. On March 13, 2012, Debtor LaDonna Jones, proceeding pro se, filed a pleading in the Bankruptcy Court for the District of Maryland captioned as a "Notice of Appeal to United States Court of Appeals for the Fourth Circuit." Bankr. Doc. No. 84.[1] This document indicated that Debtor was appealing orders entered by the Bankruptcy Court on March 12, 2012. It also included, in what the Court assumes to be the form of a proposed order, the request that the "Denick Motion (Dkt. No. 62) is vacated;" that Par Excellence, a company for which Debtor was the director and resident agent, be

---

[1] Documents filed in the Bankruptcy Court will be designated as "Bankr. Doc. No. _." Documents filed in this Court will be referenced as "ECF No. _."

stricken as a party; and that "the Kivitz Motion and Parker Motion be granted."  Id.

On March 27, 2012, Debtor filed in the Bankruptcy Court a document captioned, "Appeal to the United States Court of Appeals for the Fourth Circuit."  Bankr. Doc. No. 85.  This pleading indicated that Debtor was seeking a finding that attorneys David Ellin, John Denick, Rebecca Daley, Mark Kivitz and Kim Parker be held in contempt for violating the bankruptcy stay and discharge order.  Id. at 2.  This pleading also included allegations that Parker, Debtor's bankruptcy attorney, had converted Debtor's Chapter 7 case into a Chapter 13 case without Debtor's consent.  Debtor filed an "Amended Notice of Appeal to the United States Court of Appeals for the Fourth Circuit" on November 30, 2012, seeking similar relief.  Bankr. Doc. 91.

Viewing these documents as an attempt to circumvent an appeal to the District Court and take a direct appeal to the Fourth Circuit, the Bankruptcy Court treated them as a request for certification.  Bankr Doc. 95.  In denying that request for certification in an order issued on December 3, 2012, the Bankruptcy Court concluded that:

> this dispute finds its genesis in the Debtor's refusal to accept facts – the Debtor's former attorney did not consent to an adverse order against the Debtor's will, the Debtor's case was not converted from Chapter 7 to Chapter 13, the Respondents did not violate the

> automatic stay and the Debtor's business entity was not involuntarily made a debtor in bankruptcy – which even a cursory review of the docket and underlying papers would establish as incontrovertible.

Id. at 2.

Plaintiff's appeal was then transmitted to this Court on December 4, 2012. On December 5, 2012, this Court issued an order requiring Debtor to designate the items to be included in the record on appeal and a statement of the issues to be presented within fourteen days of the date of that order. Debtor responded with an "Answer" on December 26, 2012. ECF No. 4. In this Answer, Debtor explained her efforts to track the status of her appeal and complains that the Bankruptcy Court negligently delayed transferring the appellate record to this Court. Id. at 2. From this response, it would appear that Debtor perhaps did not intend to seek certification to circumvent an appeal to this Court but simply mis-captioned her pleadings. Regardless, this Court finds that there was no inappropriate delay in transferring the appeal to this Court.

Six months have passed since Debtor's appeal was docketed in this Court and the Court has received nothing further from Debtor. Contrary to Rule 8009 of the Bankruptcy Rules, Debtor failed to submit an appellate brief within 15 days of the entry of the appeal in this Court. Under Local Rule 404.3, dismissal

is appropriate when appellant fails to serve and file a timely brief.

Were the Court to assume that the document filed in the Bankruptcy Court, Bankr. Doc. 85, and in this Court as ECF No. 1-1, was intended as Debtor's appellate brief, the Court would still dismiss the appeal, but on its merits. Debtor's concerns relate to two allegations. First, that her counsel was complicit in the conversion of her Chapter 7 case to a case under Chapter 13. Second, that Respondents violated the automatic stay and/or discharge order by proceeding against her in state court proceedings. Both of these concerns arise out of a lift stay order issued by the Bankruptcy Court on November 1, 2010. Bankr. No. 45.

As the Bankruptcy Court correctly observed, the alleged conversion never happened. In the motion to lift stay, Respondents made a typographic error in the caption that indicated that this was a Chapter 13 proceeding. Bankr. No. 31. The Bankruptcy Court then issued the proposed order prepared by the Respondents that repeated that same error. There was no significance to this simple scrivener's error and the case was never converted to Chapter 13.

As to the alleged violation of the automatic stay and/or discharge order, the record reveals no such violation. As explained in the motion to lift stay, several employees of Par

Excellence Emporium, Inc. filed actions in the District Court of Maryland for Baltimore City for unpaid wages and emotional injuries. The motion to lift stay was premised on the need to have Debtor included as a nominal defendant in those cases to trigger potential insurance coverage. The order granting the motion specified that any judgment against Debtor could only be satisfied from any insurance coverage and, therefore, would not affect or diminish the property of the Debtor's estate. Bankr. No. 45.

After the cases progressed in state court, the Bankruptcy Court issued an order on February 29, 2012, reopening the bankruptcy case to permit Debtor the opportunity to submit any evidence to support her claim that a judgment order was entered against her in the state court in a manner that violated the automatic stay. Bankr. No. 75. The documents submitted by Respondents and Debtor in response to that order all confirm that the judgments entered against Debtor in the state court were in the amounts of zero dollars. Bankr. Nos. 80 and 82. Thus, there was no violation of the automatic stay or discharge order and the Bankruptcy Court properly denied Debtor's request that Respondents be held in contempt.

Finding no merit in Debtor's contentions, the Court will affirm the judgment of the Bankruptcy Court and dismiss this appeal. A separate order will issue.

```
                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge
DATED: June 25, 2013
```